CRAIG (FISHER v.). See Case No. 4,817.

---

## Case No. 3,333.

CRAIG v. The HARTFORD.

[1 McAll. 91.] [1]

Circuit Court, D. California. July Term, 1856.

FINAL DECREE.

A decree final in other respects, is not converted into an interlocutory one because it directs a taxation of costs.

[Cited in Re Place, Case No. 11,201.]

In admiralty. A decree was rendered by the court in this case, on the 25th October, 1856 [case unreported]. No appeal having been perfected within ten days after the decree rendered, execution has been sued out. A motion is now made to stay the said execution, and arrest all proceedings thereon, upon the alleged ground that the said decree was an interlocutory, and not a final one.

John V. Watson, for appellant.
William Barber, for appellee.

McALLISTER, Circuit Judge. Three positions are taken to sustain this motion: 1st. That the decree provides for the entry of a judgment, and does not decree that a judgment be entered; 2nd. That the decree directs

[1] [Reported by Cutler McAllister, Esq.]

a taxation of costs; 3d. That the costs in this case have never been taxed.

The practice of the district court of the United States for this district, and of this court, has invariably been to award execution against stipulators in a bond, without the previous service upon them of a rule nisi. I see no reason to depart from that practice, left, as it seems to be, by the authorities, to the discretion of the court. But it is urged that, whatever may have been the practice of the court on this point, the decree in this case, instead of declaring that judgment is entered, directs that judgment be entered, and therefore the decree is not final. In drafting the decree it certainly would have been proper to have used the word "is," instead of "be." I cannot consider the error such as converts a final into an interlocutory decree. If it has that effect, the appellant has no standing in this court. He has treated the decree of the court below, precisely similar in language, as final, and has appealed from it as such. Its language is, "That a summary judgment be entered against the stipulators." Now, no appeal can be prosecuted from that court to this, save upon a final decree. It is by treating that decree as such, the appellant is in this court; and if the substitution of the word "be" for "is," converts a final decree into an interlocutory one, this appeal must be dismissed. More than ten days having elapsed since this decree was rendered, the party is entitled to execution, unless the decree is to be deemed interlocutory because it directs a taxation of costs. It is contended that such decree does not become final until such taxation shall have been made. The act of congress [of 1803]—2 Stat. 244—prescribes that appeals shall be from all final decrees and judgments, where the matter in dispute exceeds two thousand dollars, exclusive of costs. This excludes the idea of costs forming any portion of the decree appealed from. In fact, costs, as to the amount of them, are not subject to the revision of the supreme court, and are left to the discretion of the court below. Canter v. American Ins. Co., 3 Pet. [28 U. S.] 307.

An appeal which finally disposes of an amount equal to two thousand dollars, would seem to be a final decree that can be carried up without reference to costs. The case of Sizer v. Many, 16 How. [57 U. S.] 102, is applicable to this point. That case was carried to the supreme court; and the judgment had no costs inserted in it. It was treated as a final judgment, for the court acted on it, and it was confirmed; there being a division of opinion in the court. Such division was not, however, on any question as to the final character of the judgment. After the affirmance, a mandate was sent down, and the court below permitted the costs to be inserted nunc pro tunc, as part of the original judgment. From this action of the court, a second writ of error was prosecuted, and a

motion made to dismiss the cause for want of jurisdiction on other grounds, and the order of the court below in relation to the costs, was sustained. On this point, the court say, "But as the question raised in this case may often occur in the circuit courts, and it is important that the practice should be uniform, it is proper to say that we consider the decision of the circuit court, allowing those costs to be taxed after the receipt of the mandate from this court, to have been correct and conformable to the general practice of the court." 16 How. [57 U. S.] 104.

The proctor for appellant does not in his brief deny that the supreme court would entertain jurisdiction of an appeal from the decree in this case, which he admits "to be final and appealable in its nature and subject-matter." This admission seems to be conclusive on the point; for, if they would do so, it would be on the ground that the decree was final. They could not do so if the decree were interlocutory.

It is urged that the true and only question is, whether the plaintiff is in a condition to sue out an execution. True; but, so far as the question concerns the character of the decree, it resolves itself into the inquiry, Is the decree final or interlocutory? If final, then the party is not prevented from suing out his execution on the allegation that he has sued it out, or is about doing so, within ten days after the rendition of an interlocutory decree. If he has done so irregularly, by not having given notice of taxation, or by no taxation of costs, such fact cannot change the character of the decree in connection with the appeal. If it was final originally, it does not cease to be so by any irregularity in the mode of issuing the execution. The question, however raised, to "this complexion must come at last." Was the decree in this case interlocutory because it embodied a direction for the taxation of costs, and could not, as alleged, become final until such taxation had taken place? The argument urged is, that a final judgment cannot be deemed to have been rendered unless a previous taxation of costs had taken place. But the supreme court says, in the case previously cited, "The costs are, perhaps, never in fact taxed, until after the judgment is rendered; and, in many cases, cannot be taxed until afterwards."

Now, if the costs are not to be necessarily taxed before judgment, and sometimes have necessarily to be taxed afterwards, the final character of it is not changed by taxation; and surely a direction in the judgment, for a taxation of costs, will not convert it into an interlocutory proceeding. If a judgment rendered before taxation of costs be not final, we must impute usurpation of jurisdiction to the supreme court; for we have seen that they have exercised appellate jurisdiction over a decree which was not final, if the proposition contended for be sustained. It is true, as asserted by proctor for appellant,

the chief justice speaks of the omission to insert in the judgment any amount of costs as the result of "oversight" or "mistake;" but if the irregularity had been such as to prevent the court from recognizing the decree as final, they could not have taken jurisdiction, for it depended upon the final character of the decree. A decree is final for the purposes of an appeal when it is in a condition to be executed without further proceedings therein in court. Unlike a reference to a master, referee, or commissioner, whose action must receive the confirmation of the court, the taxation of the costs is a ministerial act, and no proceedings thereon in court are had. If the taxation be erroneous, a re-taxation, under the direction of the judge, by the clerk, can be obtained; but the misconduct of the clerk cannot affect the original character of the decree. Considering it final, ten days having elapsed since the rendition of it, the act of congress interposes, and it is out of the power of this court to prevent the plaintiff from suing out his execution.

The third and last ground taken in support of this motion, is, that there has been no taxation of costs. That circumstance cannot convert a final into an interlocutory decree. The appellant might at any time have obtained a taxation; and if one had been irregularly made, he had his remedy. Independently of any written rule, according to the general practice of the court he could have excepted to the taxation. This right, and the manner in which it is to be exercised, is embodied in rule 159 of the district court of the United States for the southern district of New York; the rules of which court are adopted by this, where not inconsistent with its written rules. By that rule, it is provided that if costs be taxed without notice, they shall be subject to re-taxation at the cost of the party obtaining the taxation. The failure to obtain taxation cannot operate as a supersedeas. The perfecting of the appeal can alone, under the act of congress, so operate, where the decree is, as in this case, final. The taxation of costs is a step out of court, for the mere purpose of ascertaining the amount. In Jackson v. Varick, 7 Cowen, 412, the court say, "The omission to give notice to tax costs, never affects the regularity of the judgment." "The only consequence of the omission of notice to tax, is a re-taxation at the expense of the party." 2 Wend. 244. In Field v. Partridge, 14 Eng. Law & Eq. 356, a motion had been granted to set aside an execution for the want of notice of taxation of costs. A rule nisi was obtained, to show cause why such order should not be rescinded. All the barons agreed to do so. Pollock, C. B. says, "The omission to give notice of taxation, does not render the judgment and execution irregular." It is admitted that a party may recover a judgment and take out execution for what he has recovered, which shows to that extent the judgment is right. The court

must correct any error that has been introduced; but the execution ought not to be set aside.

In view of foregoing authorities, and of the reason of the thing, I conclude, first, that the decree in this case is final; and, second, that any irregularity in the taxation of the costs, or the omission up to this time of any taxation, can be corrected or supplied before the clerk, under the direction of the judge at chambers, and cannot affect the decree, which, final when rendered, continues so.

The motion made to stay the execution, and arrest all proceedings under it, must be and hereby is denied.